**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICK J. MEDINA,

Plaintiff,

v. No. 1:24-cv-00975-JCH-LF

EMILIO CHAVEZ,
RACHEL KOLMAN,
ELENA MONTOYA and
DYNETTE PALOMARES,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from "a suit affecting parent child relationship action in the Eighth Judicial District Court of Taos County." Original Action Complaint to Petition for a Writ of Review by Right to Review the Record for Fraud and Violation of Due Process and Civil Rights and Decla[ra]tory Judgment at 2, Doc. 1, filed October 1, 2024 ("Complaint") (referencing Case No. D-820-DM-2020-00071). Defendants are: (i) Eighth Judicial District Court Judge Emilio Chavez; (ii) Hearing Officer Rachel Kolman; (iii) CYFD Agent Elena Montoya; and (iv) Attorney Dynette Palomares. *See* Complaint at 2-3. Plaintiff asserts due process and right to privacy claims pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, and equal protection, abuse of process and intentional infliction of emotional distress claims pursuant to New Mexico law. *See* Complaint at 3-4. Plaintiff seeks the following relief: (i) a declaratory judgment that "the State ADR law is repugnant to the Constitution as it mandates an irrevocable waiver of the Parties [sic] rights to due process, judicial supervision and application of public laws;" (ii) an "immediate order issued for fair and equal time sharing for our daughters to start having consistency and stability in their lives; (iii) "Compensation for attorney fees, lost wages, therapy and health related

issues stemming from the continued litigation abuse, harassment and emotional distress;" and (iv) "Discipline and removal of all government officials and officers of the court involved in failing to abide by the United States Constitution and their sworn oaths to uphold it." Complaint at 8.

United States Magistrate Judge Laura Fashing identified the following deficiencies in the Complaint:

(i) The Court has discretion in determining whether to entertain a request for a declaratory judgment. The Complaint does not show that the Court should exercise its discretion and entertain Plaintiff's request for a declaratory judgment. *See* Order to Show Cause at 3-4, Doc. 3, filed October 10, 2024 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (listing factors courts consider when determining whether to entertain requests for declaratory judgment).

(ii) If the state court case is ongoing, then Plaintiff's claims may be barred by the *Younger* abstention doctrine which dictates that federal courts not interfere with state court proceedings when such relief could adequately be sought before the state court. *See* Order to Show Cause at 4 (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) and *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (listing factors courts consider in determining whether *Younger* abstention is appropriate)).

(iii) If the state court case is no longer ongoing, then Plaintiff's claims may be barred by the *Rooker-Feldman* doctrine which deprives the Court of jurisdiction where the requested relief would necessarily undo the state court's judgment. *See* Order to Show Cause at 4-5 (quoting *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019)).

(iv) The Complaint fails to state a claim for monetary damages against Defendant Chavez, a state court judge, and Defendant Kolman, a hearing officer, because state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction, and judicial immunity has been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process. Order to Show Cause at 5 (quoting *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727-728 (10th Cir. 2008)).

(v) The Complaint fails to state claims against the Defendants because many of the allegations are conclusory and do not explain what *each* Defendant did to Plaintiff, when *each* Defendant did it and what specific legal right Plaintiff believes *each* Defendant violated. *See* Order to Show Cause at 6-8.

Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss claims for those deficiencies and to file an amended complaint. *See* Order to Show Cause at 9 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the October 31, 2024, deadline.

The Court concludes it does not have jurisdiction over this case. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th

Cir. 1988). Judge Fashing notified Plaintiff that this case may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines and ordered Plaintiff to show cause why the Court should not dismiss this case. *See D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)); *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019) (the *Rooker-Feldman* doctrine "bars federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiff did not show cause why the Court should not dismiss his claims as barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines and did not file an amended complaint alleging facts that support jurisdiction.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

Judge Fashing also ordered Plaintiff to either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs, and notified Plaintiff that failure to timely pay the fee or file an Application may result in dismissal of this case. *See* Order to Show

Cause at 9. Plaintiff did not pay the filing fee or file an Application by the October 31, 2024, deadline.

The Court dismisses this case because: (i) the Complaint fails to allege sufficient facts supporting jurisdiction; (ii) Plaintiff did not show cause why the Court should not dismiss this case as barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines; (iii) Plaintiff did not file an amended complaint alleging facts showing that this case is not barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines; and (iv) Plaintiff did not pay the filing fee or file an Application to proceed *in forma pauperis*.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

SENIOR UNITED STATES DISTRICT JUDGE